PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ROBERTA MARTINEZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLAR BELL, INC.,<br><br>    Defendant. | Case No. 8:23-cv-01229-FWS-DFM<br>Civil Rights<br><br>**STIPULATION DISMISSING CASE WITH PREJUDICE**<br><br>Action Filed: July 10, 2023 |

## **STIPULATION**

Plaintiff ROBERTA MARTINEZ ("Plaintiff") and Defendant DOLLAR BELL, INC., ("Defendant") – Plaintiff and Defendant together the "Parties" – hereby stipulate and request that pursuant to Federal Rules of Civil Procedure 41(a)(l)(A)(ii), the above-captioned action be dismissed with prejudice in its entirety. Each side shall pay its own attorneys' fees and costs.

Defendant shall implement the service animal policy attached as **Exhibit A** and distribute that policy to its existing and newly hired employees. Defendant shall train its existing and newly hired employees on the U.S. Department of Justice's document "ADA Requirements: Service Animals" found here: https://www.ada.gov/resources/service-animals-2010-requirements/. Defendant

- 2 -

shall also post the document in its place of business.  Defendant agrees to take these actions no later than thirty (30) calendar days. In the event Defendant does not complete the injunctive relief as specified,  Defendant shall have 30 days to correct the deficiencies.

**IT IS SO STIPULATED.**

Dated:  October 4, 2023                              REIN & CLEFTON

                                                            /s/ Aaron M. Clefton
                                                     By:  AARON M. CLEFTON, ESQ.
                                                     Attorneys for Plaintiff
                                                     ROBERTA MARTINEZ

Dated:  October 4, 2023                              EMILIO LAW GROUP, APC

                                                            /s/ Laurie M. Cortez
                                                     By:  LAURIE M. CORTEZ, ESQ.
                                                     Attorneys for Defendant
                                                     DOLLAR BELL, INC.

### FILER'S ATTESTATION

Pursuant to Local Rules, I hereby attest that on October 4, 2023, I, Aaron Clefton, attorney with Rein & Clefton, received the concurrence of Laurie M. Cortez, Esq. in the filing of this document.

                                                            /s/ Aaron Clefton
                                                     Aaron Clefton

# EXHIBIT A

I. **PURPOSE:**

    A. To comply with requirements of the Americans with Disabilities Act (ADA), the Disabled Persons Act, the U.S. Department of Justice's revised final regulations implementing the ADA, the Unruh Civil Rights Act, and other laws and regulations related to persons with disabilities.

    B. To ensure that **service animals** accompany patrons with disabilities in all areas of the Dollar Bell store where public access is normally allowed.

    C. To provide guidelines for staff of Dollar Bell store to identify service animals when they encounter a **dog** in the course of their employment.

II. **POLICY:**

    A. It is the policy of Dollar Bell that persons with disabilities will not be discriminated against and that they will have full and equal access, services and treatment.

    B. All patrons accompanied by a dog that is individually trained to do work or perform tasks for a disabled person must be permitted to enter all areas of the Dollar Bell open to the general public.

    C. Dollar Bell staff shall use *minimal inquiry* when the work, service or tasks performed by the dog are not obvious and apparent.

III. **DEFINITIONS:**

    A. **Individual with a Disability** — A person who:

        1. Has a physical or mental impairment that substantially limits one or more major life activities;

        2. Has a record of such an impairment; or

        3. Is perceived by others as having such an impairment

    B. **Service Animal** — Only dogs that are individually ***trained to do work or perform tasks*** for people with disabilities

STIPULATION FOR DISMISSAL
Case No. 8:23-cv-01229-FWS-DFM

qualify as service animals. Service animals *recognize and respond* to needs.

   1. Examples include, but are not limited to:

      a. Guiding vision impaired
      b. Alerting hearing impaired
      c. Pulling wheelchair
      d. Retrieving items
      e. Stability and ambulation
      f. Alerting or protecting person having seizure
      g. Reminding person to take medication
      h. Calming person with Post-Traumatic Stress Disorder during an anxiety attack
      i. Preventing or interrupting impulsive or destructive behavior
      j. Removing disoriented individuals from dangerous situations

C. **Comfort / Emotional Support Dogs**

   1. **Federal Law (ADA) -** Dogs that solely provide companionship, comfort, and emotional support are *not service animals under the ADA*.

      a. Companionship, comfort and emotional support do not constitute work or tasks

   2. **California law** — Under the Unruh Civil Rights Act, the Department of Fair Employment and Housing *may* investigate denials of accommodation for access to public entities regarding comfort/emotional support dogs.

      a. Denying accommodation of a **comfort/emotional support** dog in a public entity ***may*** result in a complaint to the Department of Fair Housing and Employment for violation of the Unruh Civil Rights Act.

D. **Direct Threat -** A significant risk of substantial harm to the health or safety of others that cannot be eliminated or mitigated by a reasonable modification of practices or procedures or the provision of auxiliary aids or services.

- 4 -

1. Dollar Bell staff must complete an **individualized assessment** when determining whether the service animal poses a direct threat based upon:

    a. Reasonable judgment that relies on current medical knowledge or on the best available objective evidence;
    b. The nature, duration, and severity of the risk;
    c. Probability that the potential injury will actually occur; and
    d. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk.

E. **Fundamental Alteration** — A change that is so significant that it alters the nature of the facility or service offered.

IV. **PROCEDURE:**

   A. **Permitting Service Animals** - Service animals shall be permitted in all areas of the Dollar Bell that are open to the public, provided the service animal does not:

   1. Pose a direct threat; or

   2. Fundamentally alter the Dollar Bell's operations, policies, practices or procedures.

   B. **Excluding / Removing Service Animals -** Any decision to exclude service animals from Dollar Bell shall be made only after an ***individualized assessment*** that the animal poses a direct threat to the health or safety of others which cannot be mitigated by modifications of policies or procedures or the provision of auxiliary aids or services.

   1. The individualized assessment of direct threat shall be conducted by the manager or the most senior employee on duty at the time at Dollar Bell.

   2. The individualized assessment of direct threat must be based on reasonable judgment that

- 5 -

relies on current medical knowledge or on the best available objective evidence to ascertain:

    a. The nature, duration, and severity of the risk;

    b. The probability that the potential injury will actually occur; and

    c. Whether reasonable modifications of policies, practices or procedures or provisions of auxiliary aids or services will mitigate the risk

C. **Staff Inquiry -** When it is not obvious or apparent what service, task or work the dog performs, staff may ask two questions **_only_**:

1. Is the dog a service animal required because of a disability? and

2. What work or task has the dog been trained to perform?

    a. Under the ADA, staff must rely upon the patron's word that the dog is a service animal and the description of the service, task or work it performs.

    b. Staff must utilize the chain of command if there is concern that the service animal poses a direct threat or would fundamentally alter the Dollar Bell and services provided;

D. **Staff must not**:

1. Ask about the nature or extent of the person's disability;

2. Require documentation to support service animal status (e.g., ID card, proof of certification and training);

3. Ask dog to demonstrate ability to perform service, task or work;

4. Refuse access based upon allergies and fear of dogs;

5. Treat patrons with service animals less favorably (e.g. the Dollar Bell shall not

  segregate patrons with service animals from other patrons);

6. Pet the service animal (may distract from assigned tasks);

7. Feed, clean, toilet or care for the service animal;

8. Ask patron to remove service animal from premises, *<u>unless</u>* an individualized assessment of direct threat has been completed *(See* Sections B, C, G).

E. **Requirements for Service Animals** — Service animals must be under the handler's control at all times via at least one of the following:

1. Harness
2. Leash
3. Tether
4. Voice control
5. Motion / signal control
6. Other effective controls
7. **Exception** — The devices listed above need not be used if they:
   a. Interfere with the service animal's work; or
   b. Person's disability prevents using these devices

F. **Legitimate Reasons for Removing the Service Animal**

1. The dog poses a direct threat to the health or safety of patrons and/or staff that cannot be eliminated by a reasonable modification of Dollar Bell's policies, practices, or procedures or the provision of auxiliary services;

2. The dog fundamentally alters the nature of alter the nature of the goods, services, facilities, privileges, advantages, or accommodations Dollar Bell provides to the public;

- 7 -

STIPULATION FOR DISMISSAL
Case No. 8:23-cv-01229-FWS-DFM

       3. The dog is out of control and handler does not take effective action to control it;

          a. Disruption (barking, running, jumping);
          b. Aggressive behavior (biting, lunging);

       4. The dog is not housebroken

       5. The dog has poor hygiene

       6. The dog is ill.

    G. **Miniature Horses (MH)**

       1. Under the ADA, a miniature horse must be accommodated as a service animal where reasonable and if *individually trained to do work or perform tasks* for people with disabilities.

       2. The Dollar Bell manager or the most senior employee on duty at the time at Dollar Bell must complete an *individualized assessment* to determine whether s can be accommodated. The four (4) assessment factors are:

          a. Whether the MH is housebroken;
          b. Whether the MH is under the owner or handler's control;
          c. Whether the facility can accommodate the 's type, size and weight; and
          d. Whether the MH's presence will not compromise legitimate safety requirements necessary for safe operations.

## V. COMPLIANCE

    A. Newly hired members of the workforce at Dollar Bell shall be given a copy of this policy and trained on its implementation.

    B. All workforce members at Dollar Bell are responsible for ensuring that individuals comply with this policy;

    C. Violations of this policy will be reported to the Dollar Bell's Manager. Violations will be investigated to determine the nature, extent, and potential risk to Dollar Bell. Workforce members who violate this policy will be

1  subject to the appropriate disciplinary action up to and including termination.

- 9 -

STIPULATION FOR DISMISSAL
Case No. 8:23-cv-01229-FWS-DFM